# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

Case No. 1:14-CV-03051-VEB

ANNA MARIA DREKE,

                    Plaintiff,                    DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

## I. INTRODUCTION

In August of 2011, Plaintiff Anna Maria Dreke applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by Bothwell & Hamill, PLLC, Thomas Bothwell, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

On September 2, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 14).

## II. BACKGROUND

The procedural history may be summarized as follows:

On August 8, 2011, Plaintiff applied for SSI benefits and DIB, alleging disability beginning July 18, 2010. (T at 153, 160).[1]  The applications were denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On January 9, 2013, a hearing was held before ALJ M.J. Adams. (T at 25).  Plaintiff appeared with her attorney and testified. (T at 31-45).  The ALJ also received testimony from Olof Elofson, a vocational expert. (T at 47-51).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 10.

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB

On February 7, 2013, the ALJ issued a written decision denying the applications for benefits and finding that Plaintiff was not entitled to benefits under the Social Security Act. (T at 8-24). The ALJ's decision became the Commissioner's final decision on March 5, 2014, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-6).

On April 18, 2014, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 4). The Commissioner interposed an Answer on July 10, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on September 15, 2014. (Docket No. 15). The Commissioner moved for summary judgment on October 27, 2014. (Docket No. 16). Plaintiff filed a reply brief on November 17, 2014. (Docket No. 17).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for further proceedings.

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

4

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB

**C.      Commissioner's Decision**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 18, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2015 (the date last insured). (T at 14). The ALJ determined that Plaintiff's inflammatory arthritis and degenerative disc disease of the cervical and lumbar spines were "severe" impairments under the Act. (Tr. 14-15).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 15). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR §§ 404.1567 (b) and 416.967 (b). The ALJ concluded that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk/sit with usual breaks for 6 hours in an 8-hour workday; occasionally climb ramps, stairs, ropes, ladders, and scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl; but must avoid concentrated exposure to extreme cold, vibration, hazardous machinery, and unprotected heights. (T at 16-20)

The ALJ found that Plaintiff could perform her past relevant work as a cardiac monitor technician. (T at 20).   As such, the ALJ concluded that Plaintiff was not

disabled, as defined under the Social Security Act, between July 18, 2010 (the alleged onset date) and February 7, 2013 (the date of the decision) and was therefore not entitled to benefits. (Tr. 20). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed. She offers two (2) principal arguments in support of this position. First, Plaintiff contends that the ALJ improperly rejected the opinions of treating and examining medical providers. Second, Plaintiff challenges the ALJ's step five analysis. This Court will examine both arguments in turn.

## IV. ANALYSIS

**A.    Treating & Examining Providers**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

In a treatment note dated September 15, 2010, Dr. Joseph Vickers, Plaintiff's treating physician, described Plaintiff as having "pain bad enough to disable her …." (T at 475). In an April 20, 2011 note, Dr. Vickers reported that Plaintiff could return to 4 hours of work per day as a "light duty monitor tech." (T at 469). In a February 2012 treatment note, Dr. Vickers opined that Plaintiff "should qualify . . . for disability based on her level of disability . . . ." (T at 592). He diagnosed rheumatoid arthritis (seronegative, but steroid responsive), possible bipolar disorder, and definite

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB

generalized anxiety with depression. (T at 592).  He noted that she was experiencing side effects from the steroid treatment. (T at 592).

In July of 2010, Dr. Richard D. Edgerly, an examining physician, completed a medical job restriction form indicating that Plaintiff was limited to sedentary work. (T at 477).  Dr. Edgerly diagnosed autoimmune disorder of undetermined etiology, general weakness of arms and legs, carotid pinky finger,[2] and insomnia. (T at 477).

The ALJ afforded limited weight to the opinions provided by Dr. Vickers and Dr. Edgerly.  This Court finds that the ALJ did not adequately develop the record and a remand is required.

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . .").

One of the tools the ALJ has to develop the record is the ability to order a consultative examination, *i.e.*, "a physical or mental examination or test purchased

---

[2] In his note Dr. Edgerly described Plaintiff's right pinky finger has having a "gill-shaped laceration," which he cleaned and bandaged with Steri-Strips. (T at 477).

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB

for [a claimant] at [the Commissioner's] request and expense." 20 C.F.R. §§ 404.1519, 416.919.

Here, the ALJ should have ordered consultative examinations to consider Plaintiff's physical and mental health impairments.  The record was not sufficient to justify the ALJ's decision to discount the opinions of Drs. Vickers and Edgerly. For example, the ALJ found the medical opinions inconsistent with the treatment history.  However, while the treatment notes described Plaintiff as "neurologically intact" with full strength, she was also noted to have decreased range of motion in her shoulders (T at 253), a stiff and somewhat waddling gait (T at 253), and tenderness in her hips (T at 548).

With regard to Plaintiff's mental health issues, the ALJ found that Plaintiff did not have any severe mental health impairment and did not include any mental health limitations in the RFC assessment. (T at 14-16).  However, Plaintiff was consistently observed to be anxious and depressed (T at 540, 542, 554, 556).  In October of 2012, Peggy Davenport, Plaintiff's mental health counselor, diagnosed severe depression and assigned a Global Assessment of Functioning ("GAF") score[3] of 50 (T at 542-

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB

43), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012). Dr. Vickers repeatedly referenced Plaintiff's general anxiety, depression, and chronic pain disorder. (T at 468, 476, 487, 554, 584, 592, 594, 598, 599). In January of 2013, Dr. Melanie Edwards Mitchell of the Washington State Department of Social & Health Services reviewed the record and opined that Plaintiff appeared to be "unable to attain/sustain gainful employment due to severe mental health impairments." (T at 601).

The ALJ's reasons for discounting this evidence were insufficient. For example, the ALJ noted that Plaintiff cared for her mother prior to her passing and helped care for her father, who is deaf and blind. (T at 18). The ALJ found these activities inconsistent with disabling limitations. However, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). Moreover, individuals with chronic mental health problems "commonly have their lives structured to minimize stress and reduce their signs and symptoms." *Courneya v. Colvin*, No. CV-12-5044, 2013

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB

U.S. Dist. LEXIS 161332, at *13-14 (E.D.W.A. Nov. 12, 2013)(quoting 20 C.F.R. Pt. 404, Subp't P, App. 1 § 12.00(D)).

"The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(citations omitted).

The ALJ also relied upon the assessments of Dr. Robert Haskins and Dr. Jeffrey Merrill, non-examining State Agency review physicians, who rendered opinions consistent with the ALJ's RFC determination. (T at 56-63, 64-71, 74-82, 83-91). However, the opinion of a non-examining, State Agency physician does not, without more, justify the rejection of an examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB

n.4 (9th Cir. 1990)). The rejection of an examining physician opinion based on the testimony of a non-examining medical consultant is appropriate only where there are sufficient reasons to reject the examining physician opinion independent of the non-examining physician's opinion. *See e.g., Lester*, 81 F.3d at 831; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).    Here, for the reasons outlined above, this Court finds that the ALJ's decision was not supported by sufficient evidence, independent of the non-examining physicians' opinion, to sustain the decision to discount the treating/examining doctors' assessments.    In fact, the record was rather sparse concerning Plaintiff's mental health limitations (and the limited evidence in the record suggested a severe impairment) and the evidence concerning Plaintiff's physical limitations was not sufficient to sustain the ALJ's decision to discount the treating and examining physicians' opinions.

The ALJ's duty to further develop the record by ordering consultative examinations was triggered.  A remand is therefore required for further development of the record, including, but not limited to, consultative examinations.

## B.    Step Four

"Past relevant work" is work that was "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a).  At step four of the sequential evaluation, the

ALJ makes a determination regarding the claimant's residual functional capacity and determines whether the claimant can perform his or her past relevant work.

Although the claimant bears the burden of proof at this stage of the evaluation, the ALJ must make factual findings to support his or her conclusion. *See* SSR 82-62. In particular, the ALJ must compare the claimant's RFC with the physical and mental demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). In sum, the ALJ must determine whether the claimant's RFC would permit a return to his or her past job or occupation. The ALJ's findings with respect to RFC and the demands of the past relevant work must be based on evidence in the record. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

Here, the ALJ found that Plaintiff could perform her past relevant work as a cardiac monitor technician. (T at 20).  This conclusion was based on the ALJ's RFC determination, which was flawed for the reasons outlined above.  The step four analysis will necessarily need to be revisited on remand after further development of the record.

## C.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings

is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).  Here, there are outstanding issues that need to be resolved and the record needs further development for the reasons outlined above. However, it is also not clear from the record that Plaintiff is disabled.  As noted above, the State Review consultants rendered opinions consistent with the ALJ's RFC determination and the treatment record contains inconsistencies that cast doubt on Plaintiff's credibility (e.g. drug-seeking behavior and inconsistent treatment). Although this does not constitute evidence sufficient to justify the decision to discount the treating and examining physicians' opinions (or to find Plaintiff's mental health impairments to be "non-severe"), it does make the record ambiguous, thereby necessitating a remand for further development.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 15**, is **GRANTED.**

The Commissioner's motion for summary judgment, **Docket No. 16**, is **DENIED**.

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB

This case is **REMANDED** for further proceedings consistent with this Decision and Order.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of Plaintiff, and CLOSE this case.

DATED this 19th day of December, 2014.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – DREKE v COLVIN 14-CV-03051-VEB